**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 03 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



ANA MARIA VICENTE; SARA
VASQUEZ; JORGE PEREZ; RIGOBERTO
PEREZ, RODOLFO TORREZ; OCTAVIO
PEREZ; JUAN VICENTE; GERARDO
GONZALEZ; SAMUEL JORDAN;
SANDRA VELAZQUEZ; MATEO
JORDAN; ADELA VICENTE; NANCY
VICENTE, through her next friend;
FRANCISCO VILCHES; ABEL CRUZ;
MANUEL G. MARTINEZ,

      Plaintiffs - Appellees,

  v.

ROGER BARNETT,

      Defendant - Appellant,

  and

BARBARA BARNETT; DONALD
BARNETT; COCHISE COUNTY,

      Defendants.

No. 09-17522

D.C. No. 4:05-cv-00157-JMR

MEMORANDUM[*]

---

    [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Arizona
John M. Roll., Chief District Judge, Presiding

Argued and Submitted December 8, 2010
San Francisco, California

Before: THOMPSON, COWEN,** and SILVERMAN, Circuit Judges.

Following a jury trial in the United States District Court for the District of Arizona, the jury returned a verdict in favor of four of the plaintiffs (the Appellees) on their claims for assault and intentional infliction of emotional distress (IIED) against the Appellant, Roger Barnett. The jury awarded compensatory, nominal, and punitive damages. This appeal followed.

Appellant first argues that the District Court erred in denying Appellant's proposed jury instruction on self-defense. We disagree. Under Arizona law, "a person is justified in threatening or using physical force against another when and to the extent a reasonable person would believe that physical force is immediately necessary to protect himself against the other's use or attempted use of unlawful physical force." A.R.S. § 13-404(A). Appellant himself conceded on the stand, however, that none of the plaintiffs were armed or threatened him in any other

---

** The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

2

way.  As a result, the evidence adduced at trial did not support a self-defense instruction.  *See, e.g.,United States v. Mason*, 902 F.2d 1434, 1438 (9th Cir. 1990) ("A defendant is entitled to have the judge instruct the jury on his theory of defense provided that it is supported by the law and some evidence.").

Appellant also argues that the District Court erred in denying his motion for judgment as a matter of law insofar as he claimed that the Appellees failed to prove that his conduct caused them "severe emotional distress" under Arizona law.  Upon review, we conclude that there is substantial evidence from which the jury could have concluded that the Appellees suffered severe emotional distress.  *See Josephs v. Pac. Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006) ("The test applied is whether the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict.").  First, to the extent that Appellant argues that the Appellees' distress was not "severe" because they did not suffer the type of physical injuries described in *Midas Muffler Shop v. Ellison*, 650 P.2d 496, 501 (Ariz. App. 1982), Arizona courts have since made clear that bodily injury is not required.  *See, e.g., Pankratz v. Willis*, 744 P.2d 1182, 1191 (Ariz. App. 1987). Furthermore, the jury heard testimony from each of the Appellees, who stated that they suffered from ongoing anxiety, depression, and insomnia as a result of the Appellant's actions.  In addition, a psychological expert diagnosed three of the four

3

Appellees with post-traumatic stress disorder and other emotional disorders. This evidence is sufficient to sustain the jury's IIED verdict under Arizona law. *See id.* Accordingly, the District Court did not err in denying Appellant's Rule 50 motion in this regard.

Appellant next argues that it was improper for the jury to award punitive damages to Appellees Sara Vasquez and Sandra Velasquez on their IIED claims because Arizona law does not permit recovery of punitive damages when the jury awards only nominal damages. As the Appellees correctly note, however, Appellant never objected to the verdict form that allowed for this combination of damages. Therefore, Appellant has waived his right to challenge the verdict form or any error contained therein. *See, e.g., Fox v. Hayes*, 600 F.3d 819, 847 (7th Cir. 2010).

Appellant also argues that the District Court erred in allowing the expert testimony of Dr. Machabanski because his testimony was not the "product of reliable principles and methods" under Rule 702 of the Federal Rules of Evidence and the Supreme Court's decision in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). We see no abuse of discretion in the District Court's decision to admit Dr. Machabanski's testimony because the reasoning and methodology underlying his testimony was not clearly invalid. *See Daubert*, 509 U.S. at 592-93.

To assess the psychological health of the Appellees, Dr. Machabanski conducted clinical interviews lasting four to six hours each. During these interviews, he made clinical observations regarding each person's affect and gathered data on each person's life history, level of function prior to the assault, and functioning since the assault. Dr. Machabanski also administered the Minnesota Multiphasic Personality Inventory 2 (MMPI 2) diagnostic tests to each Appellee he interviewed. This Court has recognized that these types of diagnostic techniques are part of a valid methodology for psychological evaluation. *See, e.g.*, *United States v. Finley*, 301 F.3d 1000, 1008 (9th Cir. 2002).

Appellant also argues that his wife, Barbara, who was a defendant below, is entitled to attorney's fees under 42 U.S.C. § 1988. While 42 U.S.C. § 1988 does authorize an award of attorney's fees to a prevailing defendant in actions under § 1981 and § 1985, the prevailing defendant is only entitled to fees if the plaintiff's action was "frivolous, unreasonable, or without foundation." *Hughes v. Rowe*, 449 U.S. 5, 14 15 (1980); *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1402 (9th Cir. 1994). We have reviewed the record and conclude that plaintiffs' claims against Barbara under § 1981 and § 1985 were not frivolous because, even though the plaintiffs did not ultimately prevail on these claims, there was evidence to support

5

them. Therefore, the District Court did not abuse its discretion in denying Barbara's request for fees under § 1988.

We also agree with the District Court that Appellant was not entitled to costs pursuant to 28 U.S.C.§ 1332(b) or sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

We have reviewed Appellant's remaining arguments and conclude that they are without merit.

**AFFIRMED.**